IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NEIL DENNISON                                                                                          PLAINTIFF

        v.                            Civil No. 05-2121

JOHNSON COUNTY DETENTION
CENTER; and RUTH A. HOWELL                                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Neil Dennison filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2005. Dennison is an inmate of the Johnson County Detention Center.

The complaint was provisionally filed and Dennison was provided with an *in forma pauperis* (IFP) application. (Doc. 2). Dennison was given until September 6, 2005, to either furnish the court with a completed IFP application or pay the $250.00 filing fee. (Doc. 2). Dennison was advised that if he failed to return the IFP application or pay the filing fee within the specified period of time, his complaint would become subject to summary dismissal for failure to comply with a court order.

On August 17, 2005, a letter was mailed to Dennison at the detention center. The letter, among other things, reminded him that he had been given until September 6th to provide the court with a completed IFP application or pay the $250.00 filing fee. Dennison was again told that if he did not provide the IFP application or pay the filing fee the complaint would be dismissed.

To date, Dennison has not responded to the court's order. Dennison has not sought an

extension of time to respond to the court order or otherwise communicated with the court. The court's order and letter have not been returned as undeliverable.

I therefore recommend Dennison's complaint be dismissed on the grounds he has failed to obey an order of this court. *See* Fed. R. Civ. P. 41(b). **Dennison has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Dennison is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of October 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE